IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.H., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:14-CV-2069 CEJ |
| ) | |
| COUNTY OF ST. LOUIS, ) | |
| MISSOURI, et al., ) | Jury Demand Requested |
| ) | |
| Defendants. ) | |

## **ANSWER OF DEFENDANTS ST. LOUIS COUNTY and HERBERT BERNSEN TO PLAINTIFFS' COMPLAINT**

COME NOW Defendants St. Louis County and Herbert Bernsen, and for their answer to Plaintiffs' Complaint deny everything not specifically admitted and in particular state as follows:

1. Defendants admit that plaintiffs have filed this action under 42 U. S. C. §1983 and have invoked the supplemental jurisdiction of this Court for a state law claim.

2. Belmar has been dismissed from this lawsuit and so paragraph 2 does not require an answer.

3. In answer to paragraph 3 defendants admit only that plaintiffs have named Mr. Bernsen in his individual capacity, but deny that a claim has been stated.

4. Defendants do not have knowledge of the allegations of paragraph 4 and therefore deny same at this time.

5. Defendants do not have personal knowledge of the allegations of paragraph 5 and therefore deny same at this time.

1

6. Defendants do not have personal knowledge of the allegations of paragraph 6 and therefore deny same at this time.

7. Defendants do not have personal knowledge of the allegations of paragraph 7 and therefore deny same at this time.

8. In answer to paragraph 8 defendants admit only that Hartwig is deceased, but den that he is deceased as a result of Constitutional violations.

9. Defendants admit that this Court has jurisdiction.

10. Defendants admit that this Court has supplemental jurisdiction.

11. Defendants admit that venue is proper.

12. In answer to paragraph 12 Defendant St. Louis County states that it is a Charter County of the State of Missouri and that it acts under color of State law for purposes of an action filed under 42 U. S. C. §1983, but denies that plaintiffs have sued St. Louis County under 42 U.S.C. §1983 and so this allegation is moot.

13. Belmar has been dismissed from this lawsuit and therefore paragraph 13 does not require an answer.

14. In answer to paragraph 14 defendant Bernsen admits that at all times mentioned in the Complaint that he was the Director of the St. Louis County Department of Justice Services. Anything else alleged in paragraph 14 is vague and calls for speculation and conjecture as to what is alleged, and so anything not specifically admitted is denied.

15. Belmar has been dismissed from this lawsuit and therefore paragraph 15 does not require an answer.

16. In answer to paragraph 16 it is only admitted that for purposes of an action under 42 U.S.C. §1983 that Herbert Bernsen acts under color of State law. Defendants deny

the remaining allegations as they are vague and they call for speculation and conjecture as to what is being referred to.

17. Paragraph 17 seems to be redundant, but in answer to paragraph 17 it is admitted that for purposes of 42 U. S. C. §1983 that Herbert Bernsen acts under color of State law.

18. Paragraph 18 is again redundant. In answer to paragraph 18 it is again only admitted that for purposes of an action under 42 U. S. C. §1983 that Herbert Bernsen acts under color of State law. Defendants deny the remaining allegations as they are vague and they call for speculation and conjecture as to what is being referred to.

19. Defendant St. Louis County denies paragraph 19.

20. Defendant St. Louis County denies paragraph 20.

21. Defendant St. Louis County denies paragraph 21 and states specifically that St. Louis County is not sued under 42 U. S. C. §1983.

22. In answer to paragraph 22 defendants admit that on February 5, 2013 that Jereme Hartwig was incarcerated at the St. Louis County Justice Center.

23. Defendants have insufficient information at this time to answer the reason or reasons for the incarceration. It appears to be correct that Hartwig was arrested for a probation violation but it appears that there were multiple felonies for which the decedent had been convicted and for which a judge ordered his incarceration, much more serious than what is being alleged by plaintiffs.

24. Defendants admit paragraph 24.

25. In answer to paragraph 25 defendants state medical staff at the Justice Center resuscitated Mr. Hartwig until paramedics arrived.

26. In answer to paragraph 26 defendants only admit that Jereme Hartwig died, but state that they do not have personal knowledge of the remaining allegations as this would apparently involve diagnoses by medical staff at St. Mary's Health Center, and so the remaining allegations are denied. .

27. In answer to paragraph 27 defendants admit that Mr. Hartwig had hit his head with a telephone on January 28, 2013, after which he was seen within minutes by nursing staff and then admitted to the infirmary where he received around the clock medical care by nursing staff, and a P.A. and then by a psychologist. Mr. Hartwig was eventually discharged from the infirmary by a psychologist, not by Herbert Bernsen, after which he received follow up counseling by a licensed clinical social worker and was seen by other medical staff and was on precautionary suicide watch.

28. Defendants admit that Mr. Hartwig hung himself on February 5, 2013 and admit that Mr. Hartwig was on precautionary suicide watch. The decision to release Mr. Hartwig from the infirmary to precautionary suicide watch was made by a mental health professional or professionals, and then Mr. Hartwig received follow up care by medical professionals.

29. Defendants deny paragraph 29.

30. Paragraph 30 is vague and calls for speculation and conjecture as to what is being alleged, but it appears that it is alleged that on February 5, 2013 that Mr. Hartwig made six telephone calls, and so paragraph 30 is denied.

31. Defendants deny paragraph 31.

32. Defendants deny paragraph 32.

33. Defendants do not have knowledge at this time that Mr. Hartwig called his mother on February 5, 2013 and deny same at this time

4

34. Defendants do not have knowledge regarding what was discussed between Mr. Harwig and his mother and so paragraph 34 is denied.

35. Defendants do not have knowledge that Mr. Hartwig stated to his mother that he was going to kill himself and so paragraph 35 is denied. If paragraph 35 implies in any way that plaintiff's mother reported to defendant Bernsen or any member of his staff or any health care professional that her son was going to kill himself, then paragraph 35 is again denied.

36. Defendants deny paragraph 36.

37. Paragraph 37 is vague and calls for speculation and conjecture as to what is being referred to, and who the author of this statement is, or what his or her qualifications were, and so paragraph 37 is denied.

### Count I, 42 U.S. C. §1983 filed against Herbert Bernsen

38. Defendant Herbert Bernsen incorporates by reference the answers to paragraphs 1-37 as though fully set out herein.

39. Paragraph 39 is not an allegation of fact but rather improperly presents a legal conclusion. To the extent that paragraph 39 is meant to allege facts defendant states that "Decedent Hartwig" in fact did have his mental health issues timely and properly assessed and treated by medical professionals.

40. Defendant denies paragraph 40.

41. Belmar has been dismissed from this lawsuit and so paragraph 41 does not require an answer.

42. In answer to paragraph 42 Defendant Bernsen states that inmates who had mental health needs were treated by mental health professionals and other medical staff, and whatever judgments that mental health and medical professionals made were followed.

43. Belmar is no longer a party to this lawsuit and so paragraph 43 requires no answer.

44. Defendant denies paragraph 44.

45. Belmar has been dismissed from this lawsuit and so paragraph 45 does not require an answer.

46. Defendant denies paragraph 46, and states affirmatively that Mr. Hartwig was <u>not</u> "left substantially untreated," but was seen by mental health professionals, and in addition was assessed by a medical professional the day before he died, and was seen by a nurse on the day that he died.

47. Belmar has been dismissed from this lawsuit and so paragraph 47 does not require an answer.

48. Defendant denies paragraph 48 including all subsections.

49. Belmar has been dismissed from this lawsuit and so paragraph 49 does not require an answer.

50. Defendant denies paragraph 50.

51. Belmar has been dismissed from this lawsuit and so paragraph 51 does not require an answer.

52. Defendant denies paragraph 52.

53. Belmar has been dismissed from this lawsuit and so paragraph 53 does not require an answer.

54. Defendant denies paragraph 54.

55. Belmar has been dismissed from this lawsuit and so paragraph 55 does not require an answer.

56. In answer to paragraph 56 defendant Bernsen denies that he was deliberately indifferent to Mr. Hartwig's serious medical needs. For further answer, defendant admits that Mr. Hartwig committed suicide by hanging in his cell on February 5, 2013.

57. Belmar has been dismissed from this lawsuit and so paragraph 57 does not require an answer.

58. Defendant denies paragraph 58.

59. Belmar has been dismissed from this lawsuit and so paragraph 59 does not require an answer.

60. Defendant denies paragraph 60 including all subsections.

61. Belmar has been dismissed from this lawsuit and so paragraph 61 does not require an answer.

62. Defendant denies paragraph 62.

63. Belmar has been dismissed from this lawsuit and so paragraph 63 does not require an answer.

64. Paragraph 64 states a legal conclusion and to that extent does not need to be answered. To further answer paragraph 64 defendant denies that plaintiffs should be the prevailing parties. Defendant states affirmatively that plaintiffs have made numerous allegations against him that have no basis whatsoever, and even made allegations against Belmar with no basis for doing so, and as a prevailing party the Court may consider whether the allegations were frivolous and award attorneys' fees to the defendant in addition to costs.

**Count II, ADA and Rehabilitation Act of 1973**

65. Paragraphs 65-82 have been dismissed from this lawsuit and need not be answered.

**Count III Supplement State Claim under Missouri's Wrongful Death Statute**

83. Defendants St. Louis County and Herbert Bernsen re-allege as though fully set out herein the preceding paragraphs.

84. Defendants do not have personal knowledge that the plaintiffs are the natural children and mother of the decedent and so defendants deny paragraph 84 at this time.

85. Paragraph 85 is a conclusory legal opinion, and further is not an accurate statement of Missouri law and so paragraph 85 is denied.

86. Defendants deny paragraph 86.

87. Defendants deny paragraph 87 including its subsections.

88. Defendants deny paragraph 88.

89. Defendants deny paragraph 89.

90. Defendants deny paragraph 89.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1. For further answer and defense, defendant Herbert Bernsen states that plaintiffs have failed to state a claim under 42 U.S.C. §1983 against him upon which relief can be granted for many reasons including but not limited to: the doctrine of Respondeat Superior does not apply under 42 U. S. C. §1983; plaintiffs have only conclusory alleged that Bernsen was personally involved with the decedent, but have not stated facts showing personal involvement of Bernsen, in the care of the decedent; supervisory liability is limited under 42 U. S. C. §1983 and a warden or superintendent's responsibility for overseeing the operation

of a facility is an insufficient basis for liability; negligence and even gross negligence is not actionable under 42 U. S. C. §1983.

2. For further answer and defense defendant Herbert Bernsen is entitled to Qualified Immunity on all claims made against him pursuant to 42 U. S. C. §1983 because the actions and policies and practices of Mr. Bernsen did not violate any clearly established constitutional or statutory rights of which Bernsen should have known. Further, qualified immunity allows government officials to make reasonable error, and qualified immunity provides ample room for mistaken judgments and protects all but the plainly incompetent.

3. Regarding state law claims, St. Louis County is protected under Missouri law by the doctrine of sovereign immunity, pursuant to §537.600 R. S. Mo, and St. Louis County has not waived its sovereign immunity under §537.610, and plaintiffs do not have a basis for making an allegation that St. Louis County has chosen to waive its sovereign immunity.

4. For further answer and defense, St. Louis County provides notice that it intends to rely upon and obtain the benefits of §537.600 et seq. of the Missouri Revised Statutes.

5. For further answer and defense, Herbert Bernsen states that under state law the doctrine of respondeat superior is not applicable to hold a public official vicariously liable for the acts or omissions of subordinate employees.

6. For further answer and defense, Herbert Bernsen states that under state law he has official immunity for any alleged acts of negligence for which he used his discretion.

7. For further answer and defense Herbert Bernsen states that under Missouri law he is protected from liability by the public duty doctrine because the duty that he owes in running the Justice Center is to the general public.

8. Plaintiffs have not stated a claim for punitive damages upon which relief can be granted against Herbert Bernsen because they have not alleged an evil motive or intent or outrageous or malicious conduct on his part.

9. For further answer, defendant Herbert Bernsen requests bifurcation of punitive damage claims pursuant to Rule 42 (b) FRCP.

10. For further answer and defense defendant Herbert Bernsen states that punitive damages violate the equal protection afforded by the Fourteenth Amendment of the Constitution of the United States, and Article I, §§ 10, 18 (a) and 19 of the Missouri Constitution.

11. For further answer and defense defendants state that there is no basis for the allegations made against these defendants.

**WHEREFORE**, having fully answered Defendants Herbert Bernsen and St. Louis County move this Court to enter judgment in their favor at plaintiffs' costs and for such other relief that the Court deems just under the circumstances, including an award of attorneys' fees.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes   #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn   #29729MO
Assistant County Counselor
pgunn@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record this 24th day of July, 2015
/s/ Michael E. Hughes