UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14-CV-2069 (CEJ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant St. Louis County to dismiss Counts II and IV of plaintiffs' first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded in opposition.

### I. Background

Plaintiffs' decedent, Jereme M. Hartwig, was incarcerated in the St. Louis County Jail where he committed suicide. Plaintiffs are the decedent's children and mother. In the first amended complaint, plaintiffs assert claims against defendants St. Louis County, psychiatrist Wendy Magnoli, corrections officer Lauren Abate, and Herbert Bernsen, the director of the St. Louis County Department of Justice Services. Plaintiffs allege violations of Mr. Hartwig's civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment (Counts I, III, and IV), disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* (Count II), and a supplemental state law claim of wrongful death (Count V).

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Count II: ADA and Rehabilitation Act Claim

Defendant St. Louis County argues that Count II should be dismissed for the same reason the Court dismissed this claim from the original complaint—lack of standing. In its earlier order, the Court noted that even though Mr. Hartwig's claim of disability discrimination survived his death, plaintiffs were not bringing the claim as

personal representatives, trustees, administrators, or otherwise on behalf of the decedent's estate. Thus, the plaintiffs did not have standing to assert the claim.

"The doctrine of standing . . . requires federal courts to satisfy themselves that 'the plaintiff[s] ha[ve] alleged such a personal stake in the outcome of the controversy as to warrant [their] invocation of federal-court jurisdiction.'" Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). To satisfy Article III's standing requirements, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. Lujan, 504 U.S. at 561.

Plaintiffs A.H., B.H., and Caitlin Dickerson assert that, with the filing of the amended complaint, they concurrently filed a petition for determination of heirship in Missouri state court pursuant to section 473.663 of the Missouri Revised Statutes and thus are now bringing Count II as the heirs of Mr. Hartwig's estate. Section 473.663.1 provides that if no estate has been opened and no will has been presented for probate within one year after a decedent's death, then any person claiming an interest in the decedent's property may file a petition to determine the heirs of the decedent and their respective interests as heirs in the estate.

Plaintiffs rely upon Heidbreder v. Tambke, 284 S.W.3d 740, 742–46 (Mo. Ct. App. 2009) in support of their claim of standing. In Heidbreder, the Missouri Court of Appeals clarified that section 473.663 provides a decedent's judicially determined heirs the right to pursue the deceased's legal claims as the rightful owners of his or her unexpired causes of action. However, here, unlike in Heidbreder, plaintiffs do not allege that they in fact have been judicially determined to be the heirs of decedent's estate and therefore are entitled to recover for any claims that survived Mr. Hartwig's death. Instead, they only allege they have filed a pending petition for determination of heirship pursuant to section 473.663 in state court. "Because standing is determined as of the lawsuit's commencement, [the court] consider[s] the facts as they existed at that time." Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000); see City of Clarkson Valley v. Mineta, 495 F.3d 567, 570 (8th Cir. 2007) ("[W]hen a motion to dismiss is made on standing grounds the standing inquiry must . . . be done in light of the factual allegations of the pleadings."); see also Perry v. Village of Arlington Heights, 186 F.3d 826, 830 (7th Cir. 1999) ("[I]t is not enough for [the plaintiff] to attempt to satisfy the requirements of standing as the case progresses. The requirements of standing must be satisfied from the outset."). Heidbreder provides no support for plaintiffs A.H., B.H., and Caitlin Dickerson to bring this claim, as they have not been judicially determined to be the decedent's heirs. As such, the Court finds that plaintiffs have not sufficiently alleged a basis for their standing to assert this claim on decedent's behalf. Thus, Count II will be dismissed for failure to state a claim.

**B. Count IV: Respondeat Superior Liability Under § 1983**

In Count IV, plaintiffs seek to hold defendant St. Louis County liable for the alleged constitutional violations based on the theory of *respondeat superior*. Although the Supreme Court has "held that a municipality is a 'person' that can be liable under § 1983," it is well established "that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." <u>Szabla v. City of Brooklyn Park, Minn.</u>, 486 F.3d 385, 389 (8th Cir. 2007) (citing <u>Monell v. Dep't of Soc. Servs. of New York</u>, 436 U.S. 658, 690–91 (1978)). Plaintiffs acknowledge that their *respondeat superior* claim against St. Louis County cannot be sustained under controlling law. Therefore, Count IV also will be dismissed.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant St. Louis County to dismiss Counts II and IV of plaintiffs' first amended complaint [Doc. #52] is **granted.** An order of partial dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2015.