UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-2069 (CEJ) |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for leave to file a second amended complaint. Defendant has responded in opposition, and the issues are fully briefed.

**I.    Background**

Plaintiffs' decedent, Jereme M. Hartwig, was incarcerated in the St. Louis County Jail where he committed suicide. Plaintiffs are the decedent's children and mother. In the first amended complaint, plaintiffs assert claims against defendants St. Louis County, psychiatrist Wendy Magnoli, corrections officer Lauren Abate, and Herbert Bernsen, the director of the St. Louis County Department of Justice Services. The remaining claims in the complaint include alleged violations of Mr. Hartwig's civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution (Counts I and III) and a supplemental state law claim of wrongful death (Count V).

**II.    Discussion**

Plaintiffs filed their original complaint on December 17, 2014. On July 17, 2015, the Court granted the motion of defendant St. Louis County, Missouri to

1

dismiss plaintiffs' Americans with Disability Act (ADA) and Rehabilitation Act claims in Count II, because plaintiffs did not have standing on their own behalf to assert the claims. See Memorandum and Order at 8 [Doc. #36] ("The plaintiffs in this case do not bring this action as personal representatives, trustees, administrators, or otherwise on behalf of Hartwig's estate. Instead, plaintiffs bring this action on their own behalf, and they have not shown that they have standing to do so."); id. at 8 n.3 (citing Mo. Rev. Stat. § 537.020 and noting that under Missouri law, a cause of action for personal injuries or death survive to the personal representative of the deceased party). After the Court dismissed these claims, plaintiffs' counsel asserts that he "conducted extensive research regarding an ADA/Rehabilitation Act claim of discrimination and standing regarding a claim for a deceased person," and thereafter prepared a petition for determination of heirship to be filed in probate court. Pltffs' Mot. ¶9 [Doc. #102].

On November 13, 2015, the deadline in the case management order for amending pleadings without leave of court, plaintiffs filed their first amended complaint, again asserting ADA and Rehabilitation Act claims against defendant St. Louis County. In the amended complaint, decedent Hartwig's children stated that they were concurrently filing a petition for determination of heirship in state court pursuant to Mo. Rev. Stat. § 473.663, and thus were now bringing Count II as heirs of Mr. Hartwig's estate. First Amd. Comp. ¶94 [Doc. #49]. The Court again dismissed the count for plaintiffs' lack of standing, noting that the plaintiffs did not allege that they had in fact been judicially determined to be the heirs of Mr. Hartwig's estate and thus were entitled to recover for claims that survived his

2

death.  Mem. & Order at 4 [Doc. #59].  As such, plaintiffs continued to lack standing to assert any claims on decedent's behalf.

On January 13, 2016, plaintiffs' counsel filed a petition for determination of heirship in state court on behalf of Mr. Hartwig and his children.  See Defs.' Ex. A [Doc. #106-1]; Jereme Michael Hartwig, Deceased, 16SL-PR00097.  On April 4, 2016, the county probate court entered a judgment determining heirs, finding plaintiffs A.H., B.H., and Catlin Dickerson to be Jereme M. Hartwig's heirs.  Pl.'s Ex. 1 [Doc. #102-1].  As such, plaintiffs contend that they now have standing to assert ADA and Rehabilitation Act claims against defendant St. Louis County as the declared heirs of Mr. Hartwig's estate, forming the basis for their proposed second amended complaint.

As noted above, the deadline set forth in the case management order for the amendment of pleadings without leave of court was November 13, 2015.  See [Doc. #41].  As such, plaintiffs must satisfy the standard set forth under Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify the scheduling order.  Under Rule 16(b) of the Federal Rules of Civil Procedure, a case management order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)).  "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  Id. at 717; see Freeman v. Busch,

349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint under Rule 16(b) because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

Plaintiffs have not provided a sufficient explanation for their delay in seeking a determination of heirship to establish standing to assert claims on behalf of decedent Hartwig's estate. Plaintiffs were put on notice of their lack of standing in the July 17, 2015 order, yet they waited until January 13, 2016 to file a petition in state court. Additionally, in their first amended complaint plaintiffs represented that they were "concurrently filing" the petition for determination of heirship in state court, when, in fact, the petition was not filed until two months later. The Court finds that plaintiffs have not demonstrated diligence in meeting the scheduling order's deadlines.

Moreover, allowing plaintiffs to file this belated proposed amended complaint after the deadline for completing all discovery has passed and the deadline for filing dispositive motions is just weeks away would cause prejudice to defendants' ability to mount a defense to the newly asserted claims. Therefore, the Court concludes that plaintiffs have not established good cause for the modification they seek.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a second amended complaint [Doc. #102] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2016.