UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.H., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-2069 (CEJ) |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for sanctions, pursuant to Federal Rule of Civil Procedure 37, against defendants St. Louis County, Missouri, Wendy Magnoli, Lauren Abate, Herbert Bernsen and/or their counsel, Priscilla F. Gunn. Also before the Court is plaintiffs' supplement to their motion for sanctions. Defendants have responded in opposition to the motion and the supplement, and the issues are fully briefed.

### I.     Timeliness

As a threshold matter, defendants argue that plaintiffs' motion for sanctions is not timely and that plaintiffs have not articulated good cause for its delay. However, plaintiffs timely filed their motion to compel, upon which their motion for sanctions is based in part. Plaintiffs exercised restraint in seeking the imposition of sanctions at that time. Plaintiffs state that it was only after defendants filed their motion for summary judgment and Daubert motion that plaintiffs realized the magnitude of defendants' and Ms. Gunn's failure to comply with the Federal Rules of Civil Procedure and the pattern of withholding documents. Because the conduct of which plaintiffs complain has been cumulative and ongoing, the Court finds good

cause for the delay in the filing of plaintiffs' motion and will consider the motion on its merits.

## II.        **Interrogatory No. 10**

Plaintiffs first argue that sanctions are warranted against defendant St. Louis County and its counsel, Ms. Gunn, for their actions with respect to Interrogatory No. 10 in plaintiffs' first set of interrogatories.  Interrogatory No. 10 served on St. Louis County sought the following information:

> 10.  Please list any medical diagnosis of Jereme M. Hartwig given by any employee or representative of Defendant St. Louis County while Jereme M. Hartwig was in the St. Louis County Jail in January/February of 2013.  As for each medical diagnosis, please state the date and time the diagnosis was made and the full name of the employee or representative of Defendant St. Louis County who made such medical diagnosis.

Pls.' Ex. 1 [Doc. #72-1].

Defendant St. Louis County responded as follows:

> Pursuant to FRCP 33 (d), the answer to the interrogatory may be determined by examining Jereme Hartwig's Medical Chart which defendant will produce.  The diagnoses are listed in the chart.  A diagnosis code must be entered into the computer when a person authorized to chart, adds to the chart.  The names, dates and times of persons entering information into the chart, and therefore entering diagnoses codes, is contained in each encounter in the chart produced.

Id.

On February 6, 2016, plaintiffs filed a motion to compel, asking the Court to overrule St. Louis County's invocation of Rule 33(d).  Plaintiffs argued that defendant's reliance on Mr. Hartwig's medical chart to answer the interrogatory required them to guess which employees made the medical diagnoses and when. In response, St. Louis County filed a sealed copy of the medical chart it produced in discovery and argued that its reliance on Rule 33(d) was proper.  On March 21,

2016, the Court held a hearing on plaintiffs' motion to compel. Ms. Gunn appeared on St. Louis County's behalf. At the hearing, the Court concluded that the information plaintiffs sought was obtainable from the medical chart defendant produced in response to the interrogatory.

On March 29, 2016 plaintiffs' counsel deposed defendant Magnoli. Magnoli denied entering the diagnoses in Mr. Hartwig's medical chart that were attributed to her. Magnoli testified that the electronic medical record program used by St. Louis County had "autopopulated" those diagnoses. Magnoli Dep. 36:18–38:17 [Doc. #136]. Because Magnoli's deposition testimony contradicted St. Louis County's answer to Interrogatory No. 10, plaintiffs filed a motion to reconsider the Court's order denying their motion to compel. In response, Ms. Gunn stated that St. Louis County would amend its answer to Interrogatory No. 10 in lieu of contesting plaintiffs' allegations. In the instant motion for sanctions, plaintiffs argue that Ms. Gunn's actions with respect to Interrogatory No. 10 were in bad faith, because she knew the response given to the interrogatory was false and because she made false representations to the Court at the hearing on plaintiffs' motion to compel.

The Federal Rules of Civil Procedure allow for the imposition of sanctions against a party or an attorney advising a party who, without substantial justification, fails to respond to an interrogatory. Fed. R. Civ. P. 37(d)(3). Under the Rules, an evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4). Appropriate sanctions for the failure to answer an interrogatory include ordering the payment of reasonable expenses and attorney's fees caused by the failure, in addition to any other orders listed in Rule 37(b)(2)(A)(i)–(vi). Fed. R. Civ. P. 37(d)(3). A district

court has "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008).

In opposition to the imposition of sanctions, Ms. Gunn asserts that she spoke to the retired St. Louis County jail nurse manager to determine how the diagnosis information in St. Louis County's medical charts is generated prior to submitting St. Louis County's answer to Interrogatory No. 10 and appearing in court. Ms. Gunn states that the nurse manager advised her that the diagnoses listed in the charts are obtained when a person with charting authority enters a diagnosis into a field that appears. As such, Ms. Gunn contends that she accurately reported the information obtained from the nurse manager in the interrogatory answer and to the Court.

In reply, plaintiffs note that Ms. Gunn did not provide a sworn affidavit of or any identification or contact information for the nurse manager to verify her assertions. Moreover, plaintiffs quote Ms. Gunn's statements to the Court at the March 21 hearing on plaintiffs' motion to compel, at which Ms. Gunn represented to the Court that she felt the medical chart spoke for itself and she did not think it was necessary to speak with the St. Louis County nurse manager to answer the interrogatory. Tr. 10:2–15, 12:18–13:5 [Doc. #134-1]. Ms. Gunn's statements at the hearing and in her response in opposition to the instant motion indicate that she either made false representations to the Court or that she was less forthcoming than she should have been. At the very least, plaintiffs have established that it was unreasonable for Ms. Gunn to rely on Rule 33(d) to answer Interrogatory No. 10. Ms. Gunn's conduct forced plaintiffs to file a motion to compel and a motion to

reconsider before receiving an answer to their interrogatory.  The Court finds that this misconduct warrants sanctions against Ms. Gunn.

### III.     Documents Relating to Jail Cell Modifications and Training Practices

Plaintiffs next argue that sanctions are warranted for Ms. Gunn's failure to disclose documents relating to physical modifications to St. Louis County jail cells prior to Mr. Hartwig's suicide, as well as documents related to St. Louis County's employee training practices or programs regarding suicide prevention.  In September 2015, Ms. Gunn served defendants' Rule 26(a)(1) initial disclosures and responses to plaintiffs' first request for production of documents.  At no time did Ms. Gunn voluntarily disclose to plaintiffs any documents referring to or reflecting physical modifications to the jail cells in the three years prior to Mr. Hartwig's suicide.  On January 8, 2016 plaintiffs disclosed Dr. Richard Hayward as an expert and provided his report.  Dr. Hayward's report opined that, despite obvious risks, there was no indication that the St. Louis County Justice Department had made any substantial improvements to its suicide prevention program after two suicides at the jail but before Mr. Hartwig's suicide, such as any modification of the cells to eliminate openings where a ligament could be attached.

In her deposition of Dr. Hayward on February 9, 2016, Ms. Gunn asked whether he knew that St. Louis County had made physical modifications to the air vents of some cells at the jail in response to an inmate's suicide attempt.  Ms. Gunn also asked Dr. Hayward why he had not asked for documents related to these modifications before reaching his conclusions.[1]  Tr. 87:20–90:16 [Doc. #134-6].

---

[1] Defendants based their pending Daubert motion to exclude Dr. Hayward's testimony as an expert witness in part on his lack of awareness of documents Ms. Gunn did not disclose in accordance with her obligations under the Federal Rules of Civil Procedure.

Dr. Hayward responded that he had looked at all of the information made available to him.

After Dr. Hayward's deposition, Ms. Gunn still did not disclose any documents relating to physical modifications to the jail cells after other inmates' suicides and before Mr. Hartwig's suicide in 2013. Plaintiffs served a third request for production of documents on St. Louis County on February 22, 2016. In response to plaintiffs' third request, Ms. Gunn produced a four-page memorandum referring to 2011 modifications made to cell air vents at the jail. In the statement of material facts defendants filed in support of their pending motion for summary judgment, defendants rely upon the aforementioned physical modifications to the jail cells as a defense against plaintiffs' claims. Defs.' Statement of Facts ¶ 147 [Doc. #113].

Rule 26(a)(1)(A) requires that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e)(1) requires a party that has made Rule 26(a) disclosures to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Pursuant to Rule 37(c)(1), a court will sanction a party that, without substantial justification, fails to make the mandatory

disclosures required by Rule 26(a) or supplement those disclosures as required by Rule 26(e). Fed. R. Civ. P. 37(c)(1).

In response to the instant motion for sanctions, Ms. Gunn states that the physical modifications to jail cells did not become an issue until after plaintiffs retained Dr. Hayward as an expert. However, as plaintiffs note, whether St. Louis County failed to act upon prior suicides has been an issue in the case at least since plaintiffs filed their first amended complaint on November 13, 2015. See Compl. ¶¶ 114–19 [Doc. #49]; Fed. R. Civ. P. 26(a)(1) cmt. to 2000 amendments ("The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party."). Even if physical modifications to jail cells did not become an issue until after plaintiffs retained Dr. Hayward as an expert, Ms. Gunn did not disclose documents relating to the modifications either after receiving Dr. Hayward's report (when she concedes that the modifications became an issue) or after Dr. Hayward's deposition (when she demonstrated knowledge that she would use the documents to support her client's defenses). Ms. Gunn's failure to disclose these documents without requiring plaintiffs to serve a discovery request violates Rule 26(a) and (e).

Ms. Gunn appears to believe that listing defendant Bernsen[2] as a witness in defendants' initial disclosures satisfies her clients' obligation under Rule 26(a)(1)(A) to disclose all documents within their possession, custody or control that they might use to support their defenses and their obligation under Rule 26(e) to supplement those disclosures. Ms. Gunn's interpretation of the rules of discovery is distorted

---

[2] Defendant Bernsen later provided testimony during a deposition on March 28, 2016 regarding his knowledge of modifications made to cells during the relevant time at the St. Louis County jail.

and incorrect. Furthermore, in contrast to Ms. Gunn's assertions, the fact that documentation of additional alterations allegedly made to cells are not known to exist does not relieve defendants of their obligations to produce documents that *do* exist under the requirements of Rule 26(a)(1)(A) and (e)(1). Ms. Gunn's conduct warrants sanctions under Rule 37(c)(1).

Plaintiffs also argue that Ms. Gunn failed to disclose training documents that they had specifically requested in their first request for production until after Dr. Hayward's deposition, during which Ms. Gunn asked Dr. Hayward to confirm that he had not seen any training materials for correctional officers with respect to the jail's suicide prevention program. See Pl.'s Ex. 9, Request Nos. 12, 14 [Doc. #134-9]; Tr. 90:22–91:7 [Doc. #134-6]. In response, Ms. Gunn argues that the line of questioning at Dr. Hayward's deposition pertains to "the specific suicide prevention policy training, which was not covered by Request No. 8." Defs.' Mem. at *5 [Doc. #139]. Ms. Gunn also argues that plaintiffs' counsel "never indicated that the production was deficient prior to the deposition, or that he was actually looking for something that was not included in the material that was produced." Id.

Request No. 14 in plaintiffs' first request for production asks for "[a]ll documents or other tangible items reflecting the training and/or practices of Defendant St. Louis County or the St. Louis County Jail at the time of the incident subject to this case regarding each of the matters set forth above in request numbers 12(a) through 12(n), including but not limited to training bulletins, training materials, and instructors' outlines and materials." [Doc. #134-9]. Defendant objected to subparts (g), (i), (k) and (n) of Request No. 12, but did not object to subpart (d). Id. Request No. 12(d) sought documents related to the St.

Louis County jail's suicide prevention policy.  Id.  Defendant affirmatively stated in response to Request No. 14 that it would produce any documents listed in Request No. 12 to which it had not objected.  After Dr. Hayward's deposition, St. Louis County produced further documents that plainly relate to training correctional employees on suicide intervention and prevention procedures at the jail.  [Doc. #157-1].

The Court finds that plaintiffs specifically sought information regarding St. Louis County's suicide prevention training practices that Ms. Gunn knowingly withheld in violation of Rule 26(a) and (e).  Ms. Gunn's incredulous response to the instant motion for sanctions suggests that plaintiffs should not have trusted that St. Louis County made a full disclosure to their initial request for documents and should have asked defendant to produce additional documents plaintiffs could not have known existed.  The Court finds that Ms. Gunn's conduct with respect to plaintiffs' request for training documents, as demonstrated through her outrageous response to the instant motion, was willful and in bad faith.  See Omaha Indian Tribe, Treaty of 1854 with the U.S. v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1468–69 (8th Cir. 1991) (stating that "willful" in the context of Rule 37 "implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance" (quoting Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971))).  Because of Ms. Gunn's failure to disclose documents related to modifications St. Louis County made to jail cells and its suicide prevention training practices, plaintiffs' expert did not have this information to consider in rendering his opinions at the time his report was due or before his deposition was taken.  The

Court finds that sanctions against Ms. Gunn are appropriate for her violations of Rule 26(a) and (e).

## IV.    **Medical Records**

Plaintiffs also seek sanctions against Ms. Gunn for her conduct related to Mr. Hartwig's medical records obtained from a third party. Plaintiff Caitlin Dickerson executed authorizations allowing the defendants to obtain Mr. Hartwig's medical records from Mercy Hospital in St. Louis and in Washington, Missouri. Ms. Gunn never produced copies of the medical records she obtained to plaintiffs.

Ms. Gunn asks the Court to deny the motion for sanctions for her failure to disclose these medical records, because she has since mailed the records to plaintiffs' counsel. Defendants, through Ms. Gunn, also argue that sanctions are not appropriate, because they were justified in withholding the records on the basis of the work product doctrine. Ms. Gunn faults plaintiffs for not expending their own money to request the records directly from the hospital.

Ms. Gunn's conduct and responses indicate that she does not understand her clients' obligations under Rule 26. Pursuant to Rule 26, defendants are required, without waiting for a discovery request, to provide plaintiffs "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Ms. Gunn's reliance on the work product doctrine to justify defendants' nondisclosure is nonsensical. Under the work product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for

10

trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Ms. Gunn cannot rationally argue that Mr. Hartwig's medical records were prepared for or by a representative of the defendants in anticipation of litigation stemming from Mr. Hartwig's death. Ms. Gunn's actions and arguments with respect to Mr. Hartwig's medical records warrant further sanctions.

## V. Documents Relating to Other Suicides

Finally, in their supplement to their motion for sanctions, plaintiffs argue that St. Louis County, through Ms. Gunn, has failed to disclose documents relating to the 2010 and 2012 suicides that occurred at the St. Louis County jail within the five-year period before Mr. Hartwig's suicide. Because plaintiffs do not certify that they conferred or attempted to confer in good faith with defendant in an effort to obtain these documents without court action, the Court will not consider the merits of plaintiffs' supplement.[3] See Fed. R. Civ. P. 37(d)(1)(B).

## VI. Sanctions

Because of the disturbing pattern of Ms. Gunn's abuse of the discovery process, plaintiffs have been forced to file and argue motions to compel, to reconsider, and for sanctions. See In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) ("A finding of 'prejudice' under Rule 37(b) is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim."); Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("Prejudice also includes deprivation of information through non-cooperation

---

[3] Plaintiffs argue that their supplement is not a motion, and thus it need not comply with federal or local rules regarding motions. However, plaintiffs' supplement sets forth an additional basis not raised in their original motion for sanctions, upon which they do not certify that they have conferred with defendants to resolve without the Court's involvement. Thus, the Court is unable to determine that it would have been necessary for plaintiffs to seek sanctions on this basis without first attempting to confer with defendants.

with discovery, and costs expended obtaining court orders to force compliance with discovery."). The Court finds plaintiffs' request for attorney's fees incurred as a result of Ms. Gunn's nondisclosure to be reasonable, both in terms of the number of hours expended and the hourly rate charged. Additionally, the Court finds that an award of attorney's fees is a reasonable sanction in terms of severity and in light of the misconduct of defendants' counsel. Accordingly, Ms. Gunn will be required to pay counsel for plaintiffs the sum of $2,970, representing 9.9 hours of attorney time at a rate of $300 per hour.

Finally, because there is no evidence that Ms. Gunn's clients were involved in the Rule 37 violations, no sanctions will be imposed on the defendants. See Sec. Nat'l Bank of Sioux City, Iowa v. Day, 800 F.3d 936, 942 (8th Cir. 2015) ("The purpose of sanctions to 'penalize those whose conduct may be deemed to warrant' them and to 'deter those who might be tempted to such conduct in the absence of such a deterrent.'" (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976))).

* * * * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiffs' motion for sanctions against defendants' counsel Priscilla F. Gunn [Doc. #134] is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37, Priscilla F. Gunn shall pay to plaintiffs' attorney the sum of $2,970.00 **within thirty (30) days of the date of this Order**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for sanctions against defendants St. Louis County, Missouri, Wendy Magnoli, Lauren Abate, and Herbert Bernsen [Doc. #134] is **denied**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 19th day of July, 2016.