UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-2069 (CEJ) |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to exclude the expert testimony of Richard Hayward pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

In February 2013, Jereme M. Hartwig, was incarcerated in the St. Louis County Justice Center where he committed suicide by hanging himself. Plaintiffs are the decedent's children and mother. In the first amended complaint, plaintiffs assert claims against defendants St. Louis County, Missouri, psychiatrist Wendy Magnoli, corrections officer Lauren Abate, and the director of the St. Louis County Department of Justice Services, Herbert Bernsen. Count I is asserted against defendants Magoli, Abate and Bernsen for deliberate indifference to Mr. Hartwig's mental health care needs in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution. Count III alleges that defendant St. Louis County failed to have an adequate suicide prevention policy and training program in violation of § 1983 and the Fourteenth Amendment. Count V is a supplemental

state law claim of wrongful death brought against all of the defendants. Counts II and IV were dismissed for failure to state a claim.

Plaintiffs have endorsed psychologist Richard Hayward, Ph.D., as an expert witness to provide opinions concerning the effectiveness of St. Louis County's suicide prevention program and the adequacy of the work of mental health providers at the jail. See Defs.' Exs. A & B [Docs. ##116-1–2]. Defendants move to exclude Dr. Hayward's opinions, arguing that the opinions he asserts in his report do not meet the test of admissibility under Rule 702 of the Federal Rules of Evidence.

## II. **Legal Standard**

Federal Rule of Evidence 702 provides that a court may permit opinion testimony from a witness qualified as an expert if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Eighth Circuit has summarized Rule 702 as a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 561 (8th Cir. 2014) (quoting Polski v. Quigley Corp., 538 F.3d 836, 839 (8th Cir. 2008)). "The proponent of the

2

expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001) (citing Daubert, 509 U.S. at 592).

Under Rule 702, district courts act as gatekeepers, ensuring that expert testimony is "not only relevant, but reliable." Daubert, 509 U.S. at 589; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (quoting Daubert, 509 U.S. at 597). In Daubert, the Supreme Court outlined four non-exclusive factors that the district court may look to in evaluating the reliability of expert testimony: (1) whether the scientific technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the known rate of error for the technique or theory and the applicable standards for operation; and (4) whether the technique is generally accepted. Johnson, 754 F.3d at 562 (citing Daubert, 509 U.S. at 593–94). Daubert's progeny provide additional factors such as: "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." Lauzon, 270 F.3d at 687. As the Supreme Court explained in Kumho Tire Company, "the test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. at 141–42. The Eighth Circuit has described the standard in Daubert as calling for the "liberal admission" of expert testimony. Johnson, 754 F.3d at 562.

3

"Regardless of what factors are evaluated, the main inquiry is whether the proffered expert's testimony is sufficiently reliable." First Union Nat. Bank v. Benham, 423 F.3d 855, 861 (8th Cir. 2005). The Eighth Circuit has admonished district courts "not to weigh or assess the correctness of competing expert opinions." Johnson, 754 F.3d at 562. As long as the expert's testimony "rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." Id. (quoting Daubert, 509 U.S. at 590, 596. "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Benham, 523 F.3d at 862. "Doubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" Clark v. Hendrick, 150 F.3d 912, 915 (8th Cir. 1998) (quoting Larabee v. MM & L Int'l Corp., 896 F.2d 1112, 1116 n.6 (8th Cir. 1990)).

**III. Discussion**

In the instant motion, defendants ask the Court to exclude Dr. Hayward's opinions regarding (1) whether the St. Louis County Justice Department developed and implemented an effective suicide prevention program prior to Mr. Hartwig's suicide, (2) whether the St. Louis County Justice Department developed and implemented an effective suicide prevention training and supervision program for correctional officers, (3) whether the mental health providers at the county jail adequately assessed Mr. Hartwig's level of suicide, and (4) whether the mental health administrative staff provided sufficient supervision of the jail mental health clinicians regarding suicide prevention. See Hayward Report, at *3–12 [Doc. #116-

4

1]. Defendants argue that Dr. Hayward's opinions on these issues are not based on accurate facts or data, are not the product of reliable principles or methods, and are irrelevant. Affidavits from the individual defendants and a St. Louis County Justice Department computer system analyst are attached in support of the motion.

Defendants have not challenged Dr. Hayward's qualifications to serve as an expert in this case. The Court finds Dr. Hayward's background as a licensed clinical and forensic psychologist with 36 years of experience in correctional settings developing suicide prevention training programs sufficient to qualify him to testify as an expert on suicide prevention in jails in this case pursuant to Rule 702. Hayward Curriculum Vitae [Doc. #142-1]; see Fed. R. Evid. 702 advisory committee notes ("The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized' knowledge. Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education.'"). The Court next must assess the relevance and reliability of the proposed evidence.

Evidence is relevant in a case if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. In his report, Dr. Hayward opines that the St. Louis County Justice Department failed to develop and implement an effective suicide prevention policy and effective suicide prevention training and supervision program for correctional officers prior to Mr. Hartwig's suicide. Dr. Hayward also opines that the mental health providers who treated Mr. Hartwig at the county jail failed to adequately assess his level of suicide risk and the mental health administrative staff did not provide sufficient supervision of the

5

jail's mental health clinicians regarding suicide prevention. This opinion testimony would be useful to a jury in deciding whether the individual defendants were deliberately indifferent to Mr. Hartwig's mental health care needs and whether St. Louis County had an adequate suicide prevention policy and training program. As such, Dr. Hayward's opinions are relevant to the claims in this case.

As to the reliability of the proposed opinion evidence, Dr. Hayward specifies the bases and foundations for his opinions in his report. These sources include investigative and incident reports; Mr. Hartwig's medical history, inmate profile and telephone call logs; and the St. Louis County Justice Department's suicide prevention policies, procedures, and training documents. Defendants do not contest the authenticity of these documents. The Court finds that these materials contain sufficient facts and information for Dr. Hayward to rely upon and base his opinions. Prior to reaching his conclusions in his report, Dr. Hayward also articulated the reasoning for each of his opinions and connection to the sources upon which he relied. If a jury accepts Dr. Hayward's opinions as true, the evidence will assist the jury in determining the validity of plaintiffs' claims against defendants. As such, the Court finds that Dr. Hayward stated a reasonable factual basis for his conclusions, his conclusions were based on reliable methods, and there is not an analytical gap between the data and information considered and Dr. Hayward's opinions.

Defendants have not articulated sufficient reasons in their motion to justify the exclusion of Dr. Hayward's opinion testimony as a matter of law. Defendants' arguments contest the accuracy of the factual bases and assumptions for Dr. Hayward's opinions, rather than asserting legal bases to support the exclusion of

Dr. Hayward's opinions.[1] While Rule 702 requires district courts to act as "gatekeepers," this role should not "invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence." United States v. Vesey, 338 F.3d 913, 917 (8th Cir. 2003). For this reason, the Eighth Circuit has repeatedly counseled that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (quoting Hose v. Chi. Nw. Transp. Co., 70 F.3d 968, 974 (8th Cir. 1996)); accord In re Zurn Pex Plumbing Prods. Liab. Litig., 644 F.3d 604, 614 (8th Cir. 2011); Synergetics, Inc. v. Hurst, 477 F.3d 949, 955–56 (8th Cir. 2007); see also Am. Auto. Ins. Co. v. Omega Flex, Inc., 783 F.3d 720, 726 (8th Cir. 2015) ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." (quoting Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006))).

The affidavits defendants attached to their motion do not warrant the exclusion of Dr. Hayward's opinions. The statements made in these affidavits are relevant to the weight a jury will decide to allot to Dr. Hayward's testimony, not its admissibility. "As the Supreme Court emphasized in Daubert, 509 U.S. at 595–96, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Vesey, 338 F.3d at 917. "[Q]uestions of

---

[1] As noted in the Court's Order granting plaintiffs' motion for sanctions against defendants' counsel, defendants attack Dr. Hayward's opinions in part on his lack of awareness of documents their counsel did not disclose in accordance with her obligations under Federal Rule of Civil Procedure 26. Such abusive discovery tactics do not provide a basis for excluding expert testimony under Federal Rule of Evidence 702.

7

conflicting evidence must be left for the jury's determination." Bonner, 259 F.3d at 930 (quoting Hose, 70 F.3d at 976); see also Richman v. Sheahan, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006) ("There is a critical distinction between an expert testifying that a disputed fact actually occurred or that one witness is more credible than another and an expert giving an opinion based upon factual assumptions, the validity of which are for the jury to determine. The former is manifestly improper, the latter is not."). Defendants will have ample opportunity at trial to challenge Dr. Hayward's opinions and the factual bases upon which they rest through cross-examination and the presentation of contrary evidence at trial.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendants' motion to exclude expert testimony pursuant to Daubert [Doc. #116] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2016.