UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. 4:14-CV-2069 (CEJ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to strike affidavits submitted in support of defendants' motion for summary judgment. Defendants have responded in opposition and the issues are fully briefed.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against defendants St. Louis County, Missouri, Dr. Wendy Magnoli, Officer Lauren Abate, and Herbert Bernsen, for deliberate indifference to Jereme Hartwig's mental health care needs, in violation of the Fourteenth Amendment. Plaintiffs also assert a state law claim of wrongful death. On April 22, 2016, defendants filed a motion for summary judgment with a memorandum in support and a statement of uncontroverted material facts consisting of 164 numbered paragraphs with supporting exhibits, in compliance with Local Rule 4.01(E). The exhibits filed in support included the affidavits of Magnoli [Doc. #113-9], Abate [Doc. #113-1], Bernsen [Doc. #113-3], and Hall-Gordon [Doc. #113-5].

### I. Legal Standard

As a general principle, an affidavit or declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts

that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). In addressing a motion for summary judgment, a court is generally required to consider an otherwise admissible affidavit, unless that affidavit contradicts previous deposition testimony. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir.2008). The court must look to whether the affidavit of an already deposed person merely restates, elaborates on, or contradicts the previously taken deposition. *Id.* If the affidavit merely restates or elaborates on previously given deposition testimony, the court should consider it. *Id.* However, if it contradicts a previously given deposition, it will only be admitted "when the prior deposition testimony shows confusion, and the subsequent affidavit helps explain the contradiction." *Id.* Affidavits are permitted that seek to clarify previously unclear and ambiguous deposition testimony and place it in a context evident from the deposition transcript. *See Taylor v. Cottrell, Inc.*, 795 F.3d 813, 818–19 (8th Cir.2015) (denying a motion to strike an affidavit when a witness used an affidavit to elaborate and explain the circumstances of her deposition testimony). The Eighth Circuit has looked to whether each statement in the affidavit could stand side-by-side with the deposition's statements without them being inconsistent with one another to determine the affidavit's admissibility in a motion for summary judgment. *City of St. Joseph, Missouri v. Southwestern Bell Telephone*, 439 F.3d 368, 475 (8th Cir.2006).

## II. Discussion

The plaintiffs assert that the affidavits contradict previous deposition testimony and medical records, and are merely tailored to support the defendants'

motion for summary judgment. Plaintiffs identify a number of statements that they claim are contradictory to statements made in depositions or medical records.

### A. Abate Affidavit

Lauren Abate was a correctional officer at the St. Louis County Jail. At her deposition on April 1, 2016, and in an affidavit signed on April 18, 2016, she offered testimony regarding her role in the death of Mr. Hartwig and her understanding of the suicide policies and procedures put forth by the St. Louis County Jail. A side-by-side comparison of the statements in Abate's affidavit that plaintiffs have highlighted and her deposition testimony reveals no contradictions. Instead, the Court finds that the statements in the affidavit are no more than an expansion or elaboration of testimony Abate gave in her deposition. Because there is no contradiction, there is no ground for striking Abate's affidavit.

### B. Bernsen Affidavit

Herbert Bernsen was the Director of the St. Louis County Department of Justice Services. At his deposition on March 28, 2016, and in an affidavit signed on April 22, 2016, he offered testimony regarding the jail's practices regarding the mental health of inmates. In his deposition, Bernsen noted that he communicated with the mental health team, reviewed pertinent incidents and took their recommendations. All of this is echoed in Bernsen's affidavit. Bernsen's statement that under his administration there was a mental health team does not contradict his deposition testimony that the mental health team was under the Department of Health, as both statements can be true.

### C. Hall-Gordon Affidavit

Thelma Hall-Gordon was a clinical licensed social worker employed by the St. Louis County Corrections Medicine Department of Health. At her deposition on March 21, 2016, and in an affidavit signed on April 21, 2016, she offered testimony regarding her session with Jereme Hartwig. Plaintiffs argue that Hall-Gordon's affidavit contradicts her previous entries in Mr. Hartwig's medical chart. Again, after comparing the affidavit to the entries in the medical chart the Court finds no contradiction. Instead, the statements in the affidavit serve to clarify Hall-Gordon's rationale for the actions she took with respect to Mr. Hartwig. Although the affidavit is not a verbatim recitation of the medical record entries, it is nonetheless consistent with them.

### D. Magnoli Affidavit

Dr. Wendy Magnoli was the psychologist who performed the suicide assessment on Mr. Hartwig. Plaintiffs contend that Magnoli's affidavit contradicts her deposition testimony and/or entries she made in Mr. Hartwig's medical record.

For example, plaintiffs point to the fact that the medical record states that Magnoli met with Mr. Hartwig on January 29, 2013 to determine his readiness for discharge but there is no specific mention of this in her affidavit. Instead, in her affidavit Magnoli states that she saw Mr. Hartwig on January 29, 2013, "to assess his suicide risk status, and to determine the most appropriate placement and risk status based on his clinical presentation and risk factors at that time." When the affidavit and medical entry are compared, one can only conclude that plaintiffs are nit-picking.

While there are statements in the affidavit that are phrased differently from comparable statements in the medical record and in Magnoli's deposition, these

differences are not equivalent to contradictions. The Court has compared the statements in Magnoli's affidavit to the entries she made in the medical record and her deposition testimony and finds no contradiction. The statements in the affidavit explain or elaborate on Magnoli's earlier statements, but are not in conflict nor inconsistent with them.

*****

While the affidavits provide additional detail to the defendants' answers given in their depositions or to the entries made in the medical record, it does not necessarily follow that the affidavits are contradictory. Having carefully reviewed the contested statements and testimony, the Court finds no justification for striking the affidavits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike the affidavits of defendants Wendy Magnoli, Lauren Abate and Herbert Bernsen and witness Thelma Hall-Gordon [Doc. #159] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2016.