UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14-CV-2069 (CEJ) |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for bill of costs [Doc. #229] pursuant to 28 U.S.C. § 1920. Plaintiffs have responded in opposition and the matter is fully briefed.

I. **Background**

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 and Missouri law to recover damages resulting from the death of Jereme Hartwig, who committed suicide while in the custody of the St. Louis County Jail. On January 25, 2017, this Court granted summary judgment in favor of the defendants, with costs to be borne by the plaintiffs. On January 31, 2017, defendants filed a bill of costs, seeking $2,439.57 in costs for litigating this matter.

II. **Legal Standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in

determining and awarding costs in a given case. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

The following costs are taxable under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Rule 54(d) a prevailing party is "presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The burden is on the losing party to demonstrate that a request is inequitable. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Incurred costs must, however, be "'necessarily obtained' for use in the case." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 364 (8th Cir. 1997). The court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (*quoting Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)).

**III.** **<u>Discussion</u>**

Plaintiffs first challenge the propriety of taxing costs against them. They argue that imposing costs in a case like this could deter future litigants from seeking legal recourse to protect their civil rights. The obligation to pay costs is but one risk of litigation — it is sheer speculation that it is more a deterrent than any other. Further, because plaintiffs were represented by experienced counsel, one can presume that they were advised that they might have to pay costs if they did not prevail. Clearly, that advice did not dissuade plaintiffs from pursuing their claims.

Plaintiffs also cite *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986), in support of their argument. In that case, the court ruled that a denial of costs can be a proper exercise of discretion under Rule 54(d) when: (1) taxable expenditures by the prevailing party are unnecessary or unreasonably large, (2) cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, (3) cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and (4) cases that are close and difficult. Plaintiffs make no argument or factual showing of the applicability of any of these exceptions to the instant case.. Accordingly, the Court finds taxing costs is appropriate in this case.

### A. **Deposition Transcripts**

Defendants seek costs of $603.80, $320.90, and $167.00 for copies of the transcripts of depositions of Brenda Parrish, Caitlin Dickerson, and Savannah Cobb. Plaintiffs argue that all of these depositions were taken solely for discovery or

investigative purposes and were not used by defendants in support of their motion for summary judgment.

The Court has broad discretion to tax costs associated with depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos*, at 363 (internal quotations omitted). "Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." *Id*.

Plaintiffs argue that defendants sent interrogatories to Brenda Parrish and Caitlin Dickerson and both individuals stated that they had no knowledge of the material facts relevant to Mr. Hartwig's suicide. However, both Savannah Cobb and Parrish were witnesses to events described in the complaint, and it was reasonable to anticipate that their testimony would be necessary if the case proceeded to trial. Defendants also argue that they had a right to inquire about plaintiffs' damages and any interactions they may have had with defendants. The Court agrees, as a plaintiff and daughter of decedent it was not unreasonable to anticipate that Dickerson would testify regarding damages. The Court finds that all three depositions reasonably seemed necessary at the time they were taken. Accordingly, defendants' request for deposition transcript costs will be **granted**.

### B. Medical Records

Defendants also seek costs of $107.67 in "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained

for use in the case." Plaintiffs argue this charge is not a copying cost but rather a charge for obtaining and retrieving decedent's medical records from an incident that occurred prior to the one involved in this case.  Plaintiffs further argue that the retrieval and copying costs were obtained solely for discovery or investigation purposes and were not used by defendants in support of their motion for summary judgment.  Defendants do not present an argument that the costs were necessarily obtained for use in the case, but cite *Zotos*, noting the 8th Circuit found no abuse of discretion in awarding charges for the medical records in an employment discrimination case.  121 F.3d at 364.

The issue here is not whether the Court may award costs for medical records, but whether the costs are taxable in this instance.  §1920(4) permits the Court to tax costs where the copies are necessarily obtained for use in the case, and defendants have not demonstrated nor argued that these medical records were necessarily obtained for use in this case.  Accordingly, defendants' request for medical records costs of $107.67 will be **denied**.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for bill of costs [Doc. #229] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of defendants and against plaintiffs in the amount of $2,331.90.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2017.